UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

CHARLES WIRTH,

    Petitioner,

v.

ROBERT LEGRAND, et al.,

    Respondents.

Case No. 2:17-cv-00027-RFB-VCF

ORDER

*Pro se* petitioner Charles Wirth has filed several motions in his 28 U.S.C. § 2254 habeas matter. In most of the motions, Wirth mainly challenges the court's order granting respondents' motion for leave to file a supplement to their motion to dismiss and/or to withdraw the motion. He has also filed a motion for leave to conduct discovery (ECF No. 40). Respondents opposed (ECF No. 41), and Wirth replied (ECF No. 42).

**I.    Motions Related to Respondents' Motion to Dismiss**

On March 23, 2018, the court permitted respondents to withdraw their motion to dismiss without prejudice (ECF No. 29). Respondents had explained that, apparently due to a docketing error, they did not review all grounds that Wirth raised, and therefore, their motion to dismiss may have been incomplete (ECF No. 27). In the interests of clarity, efficiency, and justice, and because Wirth was not prejudiced, the court granted respondents' motion. While Wirth filed motions challenging the court's order, he has also now filed an opposition to respondents' renewed motion to dismiss (ECF Nos. 32, 34, 36). The motions challenging the grant of the motion to withdraw are denied.

Wirth also moves to strike respondents' reply in support of their renewed motion to dismiss. Local Rule 7-2(b) provides that a party may file a motion, the opposing party

1

may file a response, and the moving party may then file a reply in support of its motion. Accordingly, respondents' reply is properly before the court. Wirth's motion is denied.

## II.     Motion for Leave to Conduct Discovery

In Wirth's motion for leave to conduct discovery, he lists 17 documents and asks the court to order respondents to provide them, along with exhibits 151-160 in this case (ECF No. 40). Respondents point out that they have already provided Wirth with exhibits 151-160 (ECF No. 41, p. 4).

Rule 6 of the Rules Governing Section 2254 Cases in the United States District Courts states: "A judge may, for good cause, authorize a party to conduct discovery under the Federal Rules of Civil Procedure and may limit the extent of discovery." *See also Bracy v. Gramley*, 520 U.S. 899, 908-09 (1997) (quoting *Harris v. Nelson*, 394 U.S. 286, 300 (1969)).

The Ninth Circuit Court of Appeals has pointed out that "[a] habeas petitioner does not enjoy the presumptive entitlement to discovery of a traditional civil litigant." *Rich v. Calderon*, 187 F.3d 1064, 1068 (9th Cir. 1999) (citing *Bracy*, 520 U.S. at 903-05). "Rather, discovery is available only in the discretion of the court and for good cause shown...." *Id*. The court instructed:

> Habeas is an important safeguard whose goal is to correct real and obvious wrongs. It was never meant to be a fishing expedition for habeas petitioners to "explore their case in search of its existence."

*Rich*, 187 F.3d at 1067 (quoting *Calderon v. U.S.D.C. (Nicolaus)*, 98 F.3d 1102, 1106 (9th Cir. 1996)). Accordingly, a habeas petitioner will not be granted leave to conduct discovery based on allegations that are purely speculative or without any basis in the record. On the other hand, a petitioner is not necessarily required to plead specific facts entitling him to habeas relief prior to obtaining leave to conduct discovery.

Indeed, based on the Supreme Court's decision in *Bracy*, a petitioner may be able to establish "good cause" for discovery even though he posits only a plausible "theory" for relief. In *Bracy*, the petitioner sought discovery to support a claim that, because the judge in his case was convicted of taking of bribes from some criminal

2

defendants, he was prone to "a sort of compensatory bias against defendants who did not bribe [him]." *Bracy*, 520 U.S. at 905. Although the petitioner had not alleged facts sufficient to establish that his particular case was infected by such bias, the Supreme Court found that he was nonetheless entitled to conduct discovery based on evidence that "lend[ed] support" to an actual bias claim. *Id.* at 909. Thus, a petitioner seeking leave to conduct discovery is not required to show that the requested discovery is likely to lead to habeas relief, only that there is "reason to believe" that it "may" do so. *Id.* at 908-09.

However, discovery in a federal habeas action does not necessarily extend to unexhausted federal claims. *Calderon v. U.S. Dist. Court for the N. Dist. of California* ("Nicolaus"), 98 F.3d 1102, 1106 (9th Cir. 1996). This court addressed the issue of allowing discovery in support of unexhausted habeas claims in considerable depth in *Sherman v. McDaniel*, 333 F.Supp.2d 960 (D. Nev. 2004). Based on a review of Ninth Circuit precedent, this court concluded that lack of exhaustion, while perhaps not an absolute bar to discovery, is a factor the district court should consider in exercising its discretion as to whether to allow discovery. *Id.* at 969. This court noted that "*Bracy* did not undermine the [Ninth Circuit] Court of Appeals' concern that discovery should not proceed upon unexhausted claims," and held:

> This court will not grant the sort of wide-ranging discovery sought by petitioner without a showing that he has exhausted in state court, and has not procedurally defaulted, the claims on which his proposed discovery is based. To do so would tend to undermine the exhaustion requirement, and the doctrine of federal-state comity on which it rests.

*Id.* at 968-969.

Moreover, in *Cullen v. Pinholster*, 563 U.S. 170, 183–84 (2011), the Supreme Court held that if a claim has been adjudicated on the merits by a state court, a federal habeas petitioner must overcome the limitations of section 2254(d)(1) based upon the record that was before that state court. To show good cause, in addition to any other

3

required showing, the petitioner must demonstrate that the documents he seeks to obtain can be considered in this federal habeas proceeding under *Cullen*. Otherwise, the parties and custodians of the discovery documents may expend considerable time and money in obtaining or producing discovery materials that will have no effect on the outcome of the case.

Here, Wirth was charged with two counts of sexual assault of a child under 14, attempted sexual assault of a child under 14, and four counts of lewdness with a child under 14 (exhibit 14).[1] He entered an *Alford* plea to open or gross lewdness; open or gross lewdness, second offense; and attempted sexual assault. Exh. 64. In his federal habeas petition, he sets forth several claims for relief based on the district court's denial of his motion to withdraw guilty plea, ineffective assistance of trial counsel for allegedly failing to investigate witnesses and the victim and for failing to fully advise him of the consequences of his guilty plea (ECF No. 11).

Respondents have moved to dismiss several claims as unexhausted and/or noncognizable on federal habeas review (ECF No. 35). In light of that pending motion, Wirth's motion for discovery is, at best, premature. Moreover, Wirth has not demonstrated good cause for his discovery requests. He makes general, conclusory statements that the requested discovery would reveal falsified documents, establish collateral estoppel, show that the victim was bi-polar, support his alibi, and demonstrate his actual innocence (ECF No. 40). In the last request, no. 18, Wirth seeks the juvenile records of the victim's brother, without explaining in any way how such records relate to his federal habeas claims. The court views Wirth's discovery motion as nothing more than a fishing expedition. Accordingly, the motion for leave to conduct discovery (ECF No. 40) is denied.

### III. Conclusion

---

[1] Exhibits referenced in this order are exhibits to respondents' first motion to dismiss, ECF No. 17, and are found at ECF Nos. 18-24.

4

**IT IS THEREFORE ORDERED** that the following motions filed by petitioner: emergency motion to strike (ECF No. 32); motion for reconsideration (ECF No. 34); and motion to strike reply (ECF No. 38) are all **DENIED** as set forth in this order.

**IT IS FURTHER ORDERED** that petitioner's motion for copy of the petition (ECF No. 33) is **GRANTED**. The Clerk **SHALL SEND** to petitioner one copy of the petition at ECF Nos. 11, 11-1, 11-2.

**IT IS FURTHER ORDERED** that petitioner's motion for leave to conduct discovery (ECF No. 40) is **DENIED**.

DATED: <u>29th day of August, 2018</u>.

RICHARD F. BOULWARE, II
UNITED STATES DISTRICT JUDGE