**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

CHARLES WIRTH,

              Petitioner,

v.

ROBERT LEGRAND, et al.,

              Respondents.

Case No.: 2:17-cv-00027-RFB-VCF

**ORDER**

Respondents move to dismiss certain grounds in petitioner Charles Wirth's pro se 28 U.S.C. § 2254 petition for a writ of habeas corpus. ECF No. 35. Wirth opposed, and respondents replied. ECF Nos. 36, 37.

**I.      Procedural History and Background**

On August 29, 2011, Wirth pleaded guilty, pursuant to *Alford v. North Carolina*, to count 1: misdemeanor open and gross lewdness; count 2: felony open and gross lewdness; and count 3: felony attempted sexual assault. Exhs. 63–64.[1] On October 3, 2011, he filed a motion to withdraw his guilty plea. Exh. 67. The state district court held a hearing and denied the motion. Exh. 74. The state district court sentenced Wirth to 12 months on count 1, 19 to 48 months on count 2, and

---

[1] Exhibits referenced in this order are exhibits to respondents' motion to dismiss, ECF No. 35, and are found at ECF Nos. 18-24.

1 96 to 240 months on count 3. Exh. 76. The state district court ordered the three sentences to run

2 consecutively. *Id.* Judgment of conviction was filed on February 14, 2012. Exh. 77.

3       The Nevada Supreme Court affirmed the convictions on November 15, 2012. Exh. 88.

4 On September 20, 2016, the Nevada Court of Appeals affirmed the denial of Wirth's state

5 postconviction habeas corpus petition, and remittitur issued on January 18, 2017. Exhs. 195, 215.

6       Wirth dispatched his federal habeas petition for mailing on December 27, 2016. ECF No.

7 11. Respondents now move to dismiss several grounds in the petition as unexhausted or

8 noncognizable in federal habeas corpus. ECF No. 35.

9       **II.**     **Legal Standards and Analysis**

10       **a.**  **Guilty Plea and Federally Cognizable Claims**

11       In *Tollett v. Henderson*, 411 U.S. 258, 267 (1973), the United States Supreme Court held

12 that "when a criminal defendant has solemnly admitted in open court that he is in fact guilty of

13 the offense with which he is charged, he may not thereafter raise independent claims relating to

14 the deprivation of constitutional rights that occurred *prior* to the entry of the guilty plea."

15 (emphasis added). A petitioner may *only* attack the voluntary and intelligent character of the

16 guilty plea. *Id*. (emphasis added). When a petitioner has entered a guilty plea then subsequently

17 seeks to claim his counsel rendered ineffective assistance, such claim is limited to the allegation

18 that defense counsel was ineffective in advising petitioner to plead guilty. *Fairbank v. Ayers*, 650

19 F.3d 1243, 1254–55 (9th Cir. 2011) (citing *Tollett*, 411 U.S. at 266–67, and explaining that

20 because a guilty plea precludes a claim of constitutional violations prior to the plea, petitioner's

21 sole avenue for relief is demonstrating that advice of counsel to plead guilty was deficient);

22 *Lambert v. Blodgett*, 393 F.3d 943, 979 (9th Cir. 2004). Here, respondents argue that several of

23 Wirth's claims are barred from federal habeas review under *Tollett* (ECF No. 35, pp. 13-16).

Five of Wirth's asserted grounds for habeas corpus relief are barred by *Tollett* and its progeny. In Ground 5 Wirth alleges, in part, that trial counsel was ineffective for failing to challenge the state district court's jurisdiction "since there was no probable cause hearing done on each and every charge" in violation of NRS 66.070 and 173.035(3). ECF No. 11, pp. 45–48. Wirth argues in Ground 8 that trial counsel was ineffective for failing to challenge his charges as double jeopardy. *Id*. at 144–50. Wirth alleges in Ground 10 that trial counsel was ineffective during the hearing on Wirth's motion to dismiss based on his right to a speedy trial. ECF No. 11-1, pp. 26-29. In Ground 12(a), Wirth alleges trial counsel was ineffective for failing to make the court aware the victim had been charged with domestic battery on her step-mother. *Id*. at 62-65. He alleges in Ground 12(b) that trial counsel was ineffective for failing to make the court aware the victim's biological father was charged with domestic battery regarding the same incident. *Id*. In Ground 12(c), Wirth alleges trial counsel was ineffective for failing to make the court aware the prosecutor was handling both Wirth's case and the victim's domestic battery case. *Id*.

Respondents argue, and the Court agrees, that the above grounds are claims of pre-plea constitutional error and therefore are foreclosed by *Tollett*. The Court dismisses Grounds 8, 10, 12(a)-(c) and the claim in Ground 5 that trial counsel was ineffective for failing to challenge the state district court's jurisdiction when no probable cause hearing was conducted on each charge.

Respondents also argue that Ground 13(c) should be dismissed under *Tollett*. In Ground 13(c), Wirth contends that trial counsel was ineffective for failing to adequately prepare for any of the state court proceedings. *Id*. at 68. This claim could go to whether Wirth entered his guilty plea voluntarily and intelligently. Thus, this Court declines to dismiss Ground 13(c) under *Tollett* to the extent he asserts that his trial attorney ineffectively counseled him as to entering a voluntary and intelligent guilty plea.

## b. Exhaustion

A federal court will not grant a state prisoner's petition for habeas relief until the prisoner has exhausted his available state remedies for all claims raised. *Rose v. Lundy*, 455 U.S. 509 (1982); 28 U.S.C. § 2254(b). A petitioner must give the state court a fair opportunity to act on each of his claims before he presents those claims in a federal habeas petition. *O'Sullivan v. Boerckel*, 526 U.S. 838, 844 (1999); *see also Duncan v. Henry*, 513 U.S. 364, 365 (1995). A claim remains unexhausted until the petitioner has given the highest available state court the opportunity to consider the claim through direct appeal or state collateral review proceedings. *See Casey v. Moore*, 386 F.3d 896, 916 (9th Cir. 2004); *Garrison v. McCarthey*, 653 F.2d 374, 376 (9th Cir. 1981).

A habeas petitioner must "present the state courts with the same claim he urges upon the federal court." *Picard v. Connor*, 404 U.S. 270, 276 (1971). The federal constitutional implications of a claim, not just issues of state law, must have been raised in the state court to achieve exhaustion. *Ybarra v. Sumner*, 678 F. Supp. 1480, 1481 (D. Nev. 1988) (citing *Picard*, 404 U.S. at 276)). To achieve exhaustion, the state court must be "alerted to the fact that the prisoner [is] asserting claims under the United States Constitution" and given the opportunity to correct alleged violations of the prisoner's federal rights. *Duncan*, 513 U.S. at 365; *see Hiivala v. Wood*, 195 F.3d 1098, 1106 (9th Cir. 1999). It is well settled that 28 U.S.C. § 2254(b) "provides a simple and clear instruction to potential litigants: before you bring any claims to federal court, be sure that you first have taken each one to state court." *Jiminez v. Rice*, 276 F.3d 478, 481 (9th Cir. 2001) (quoting *Rose*, 455 U.S. at 520). "[G]eneral appeals to broad constitutional principles, such as due process, equal protection, and the right to a fair trial, are insufficient to establish exhaustion." *Hiivala*, 195 F.3d at 1106. However, citation to state case law that applies federal

constitutional principles will suffice. *Peterson v. Lampert*, 319 F.3d 1153, 1158 (9th Cir. 2003) (en banc).

A claim is not exhausted unless the petitioner has presented to the state court the same operative facts and legal theory upon which his federal habeas claim is based. *Bland v. California Dept. Of Corrections*, 20 F.3d 1469, 1473 (9th Cir. 1994). The exhaustion requirement is not met when the petitioner presents to the federal court facts or evidence which place the claim in a significantly different posture than it was in the state courts, or where different facts are presented at the federal level to support the same theory. *See Nevius v. Sumner*, 852 F.2d 463, 470 (9th Cir. 1988); *Pappageorge v. Sumner*, 688 F.2d 1294, 1295 (9th Cir. 1982); *Johnstone v. Wolff*, 582 F. Supp. 455, 458 (D. Nev. 1984).

Claims must also be presented to the highest state court in a procedurally correct manner. *See Castille v. Peoples*, 489 U.S. 346, 351 (1989) (holding that exhaustion cannot be achieved by procedurally deficient or improper means); *Roettgen v. Copeland*, 33 F.3d 36, 38 (9th Cir. 1994) ("Submitting a new claim to the state's highest court in a procedural context in which its merits will not be considered absent special circumstances does not constitute fair presentation."); *McQuown v. McCartney*, 795 F.2d 807, 809 (9th Cir. 1986) (stating that a claim is exhausted only when it has been presented in a way that provides the state courts with an opportunity to rule on its merits). Respondents contend that numerous grounds in the federal petition are unexhausted. ECF No. 35, pp. 6-12.

In Ground 1, Wirth argues that his trial counsel failed to inform him about the lifetime supervision requirements during plea negotiations. ECF No. 11, p. 4. Respondents argue that Wirth failed to assert Ground 1 as an independent constitutional claim on direct appeal, thereby not providing the state's highest court an opportunity to act on it. ECF No. 35, p. 7. However,

Plaintiff cited *Padilla v. Kentucky*, 559 U.S. 1973 (2010) for the proposition that accurate legal advice is mandatory at the critical phase of plea bargaining, including conveying the direct consequences of lifetime supervision. Exh. 84, p. 7–11. Thus, this Court concludes that the Nevada Supreme Court had an opportunity to act on the constitutional claim for ineffective assistance of counsel stated in Ground 1. *See also* Exh. 88 (Nevada Supreme Court holding constitutional requirements were met in regard to counsel conveying the lifetime supervision consequence of the plea agreement). Ground 1 is therefore exhausted.

In Ground 2, Wirth argues that his Fifth and Fourteenth Amendment due process rights were violated when the state district court denied his motion to withdraw his guilty plea. ECF No. 11, pp. 6-8. Respondents contends that Wirth failed to raise this on direct appeal as a federal constitutional claim. ECF No. 35, p. 8. However, on direct appeal Wirth invoked *Boykin v. Alabama*, 395 U.S. 328 (1969), where the United States Supreme Court considered whether petitioner's guilty plea was involuntarily made in violation of his federal constitutional rights. Exh. 84, p. 10. Further, the first case that the Nevada Supreme Court cited in considering this claim was *Bryant v. State*, 721 P.2d 364, 366 (Nev. 1986), which also involved whether a defendant's guilty plea satisfied federal due process. Thus, this Court concludes that the Nevada Supreme Court was apprised of the federal constitutional implications of the claim. *See Duncan*, 513 U.S. at 365; *Hiivala*, 195 F.3d at 1106. Federal Ground 2 is exhausted.

Respondents also claim that several claims of ineffective assistance of trial counsel (IAC) are unexhausted. Wirth argues the following:

Ground 4: counsel failed to challenge his sentence as a violation of NRS 200.366 (*id*. at 24–44);

Ground 9: counsel failed to secure and negotiate a plea agreement that was in Wirth's best interests (ECF No. 11-1, pp. 22–25);

Ground 11: counsel failed to investigate issues regarding the victim's diary and regarding the failure of the police to read Wirth his Miranda rights during an in-custody interrogation (*id*. at 43–44);

Grounds 13(a), (b), and (c): counsel failed to consult Wirth before waiving his right to a speedy trial, failed to call any witnesses during the preliminary and Petrocelli hearings, and failed to adequately prepare for any of the state-court proceedings (*id*. at 68–70);

Ground 14: counsel engaged in plea negotiations in the judge's chambers with the judge and the prosecutor (*id*. at 73).

Ground 15: counsel was ineffective during the plea canvass for allowing Wirth to plead guilty to an "illegal" sentence (*id*. at 79);

Finally, in Ground 16, Wirth argues that counsel's cumulative error violated his due process and fair trial rights (*id*. at 83).

The Court agrees that Wirth did not present any of the above IAC counsel claims in his appeal of the denial of his state postconviction petition to the Nevada Court of Appeals. *See* Exh. 167, pp. 12-18. Thus, federal Grounds 4, 9, 11, 13(a)-(c), 14 and 15 are unexhausted. To the extent that the cumulative error claim in Ground 16 is based on these unexhausted claims, the cumulative error claim is also unexhausted.

**c. Noncognizable Claims**

A state prisoner is entitled to federal habeas relief only if he is being held in custody in violation of the constitution, laws or treaties of the United States. 28 U.S.C. § 2254(a). Unless

an issue of federal constitutional or statutory law is implicated by the facts presented, the claim is not cognizable under federal habeas corpus. *Estelle v. McGuire*, 502 U.S. 62, 68 (1991).

In Grounds 6 and 7 Wirth asserts that state postconviction counsel was ineffective for failing to raise certain issues and to file certain motions that he requested (ECF No. 11, pp. 62-143). However, there is no federal constitutional right to effective assistance of state postconviction counsel. *See Martinez v. Ryan*, 566 U.S. 1 (2012). Ineffective assistance of state postconviction counsel may provide cause to overcome procedural default of a claim of ineffective assistance of trial counsel. But a standalone claim of ineffective assistance of state postconviction counsel is not cognizable in federal habeas. *Id.* at 17. Accordingly, Grounds 6 and 7 are dismissed.

### III. Petitioner's Options Regarding Unexhausted Claim

A federal court may not entertain a habeas petition unless the petitioner has exhausted available and adequate state court remedies with respect to all claims in the petition. *Rose*, 455 U.S. at 510. A "mixed" petition containing both exhausted and unexhausted claims is subject to dismissal. *Id.* In the instant case, the Court concludes that Grounds 6, 7, 8, 10, 12(a)-(c) and the claim in Ground 5 that trial counsel was ineffective for failing to challenge the state district court's jurisdiction when no probable cause hearing was conducted on each charge are dismissed as noncognizable in federal habeas and that Grounds 4, 9, 11, 13(a)-(c), 14 and 15 are dismissed as unexhausted. Because the Court finds that the petition contains unexhausted claims, petitioner has three options:

1. He may submit a sworn declaration voluntarily abandoning the unexhausted claims in his federal habeas petition, and proceed only on the exhausted claims;

2. He may return to state court to exhaust his unexhausted claims, in which case his federal habeas petition will be denied without prejudice; or

3.    He may file a motion asking this Court to stay and abey his exhausted federal habeas claims while he returns to state court to exhaust his unexhausted claims.

With respect to the third option, a district court has discretion to stay a petition that it may validly consider on the merits. *Rhines v. Weber*, 544 U.S. 269, 276, (2005). The *Rhines* Court stated:

> [S]tay and abeyance should be available only in limited circumstances. Because granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court. Moreover, even if a petitioner had good cause for that failure, the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless. Cf. 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State").

544 U.S. at 277.

If petitioner wishes to ask for a stay, he must file a motion for stay and abeyance in which he demonstrates good cause for his failure to exhaust his unexhausted claims in state court and presents argument regarding the question of whether his unexhausted claims are plainly meritless. Respondents would then be granted an opportunity to respond, and petitioner to reply. Alternatively, petitioner may file a declaration voluntarily abandoning his unexhausted claims, as described above.

Petitioner's failure to choose any of the three options listed above, or seek other appropriate relief from this Court, will result in his federal habeas petition being dismissed. Petitioner is advised to familiarize himself with the limitations periods for filing federal habeas petitions contained in 28 U.S.C. § 2244(d), as those limitations periods may have a direct and substantial effect on whatever choice he makes regarding his petition.

## IV. Conclusion

**IT IS THEREFORE ORDERED** that respondents' motion to dismiss (ECF No. 35) is **GRANTED** in part as follows:

Grounds 6, 7, 8, 10, 12(a)-(c) and the claim in ground 5 that trial counsel was ineffective for failing to challenge the state district court's jurisdiction when no probable cause hearing was conducted on each charge are all **DISMISSED** as set forth in this order.

Grounds 4, 9, 11, 13(a)-(c), 14 and 15 are **UNEXHAUSTED**.

**IT IS FURTHER ORDERED** that petitioner shall have 30 days to either: (1) inform this Court in a sworn declaration that he wishes to formally and forever abandon the unexhausted grounds for relief in his federal habeas petition and proceed on the exhausted grounds; OR (2) inform this Court in a sworn declaration that he wishes to dismiss this petition without prejudice in order to return to state court to exhaust his unexhausted claims; OR (3) file a motion for a stay and abeyance, asking this Court to hold his exhausted claims in abeyance while he returns to state court to exhaust his unexhausted claims. If petitioner chooses to file a motion for a stay and abeyance, or seek other appropriate relief, respondents may respond to such motion as provided in Local Rule 7-2.

**IT IS FURTHER ORDERED** that if petitioner elects to abandon his unexhausted grounds, respondents shall have 30 days from the date petitioner serves his declaration of abandonment in which to file an answer to petitioner's remaining grounds for relief. The answer shall contain all substantive and procedural arguments as to all surviving grounds of the petition and shall comply with Rule 5 of the Rules Governing Proceedings in the United States District Courts under 28 U.S.C. §2254.

1    **IT IS FURTHER ORDERED** that petitioner shall have 30 days following service of

2  respondents' answer in which to file a reply.

3    **IT IS FURTHER ORDERED** that if petitioner fails to respond to this order within the

4  time permitted, this case may be dismissed.

5

6    DATED: <u>February 26, 2019</u>.

7                                                                    _____

                                                                     RICHARD F. BOULWARE, II
8                                                                    United States District Judge

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

11