UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

CHARLES WIRTH,

Petitioner,

v.

ROBERT LEGRAND, et al.,

Respondents.

Case No. 2:17-cv-00027-RFB-VCF

ORDER

This Court previously granted in part respondents' motion to dismiss Charles Wirth's pro se 28 U.S.C. § 2254 habeas corpus petition. ECF No. 44. The Court dismissed several grounds and concluded that several grounds were unexhausted. Wirth has filed a motion for reconsideration of that order. ECF No. 46.

Where a ruling has resulted in final judgment or order, a motion for reconsideration may be construed either as a motion to alter or amend judgment pursuant to Federal Rule of Civil Procedure 59(e), or as a motion for relief from judgment pursuant to Federal Rule 60(b). School Dist. No. 1J Multnomah County v. AC&S, Inc., 5 F.3d 1255, 1262 (9th Cir. 1993), cert. denied 512 U.S. 1236 (1994).

Under Fed. R. Civ. P. 60(b) the court may relieve a party from a final judgment or order for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation,

1

or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

Motions to reconsider are generally left to the discretion of the trial court. See Combs v. Nick Garin Trucking, 825 F.2d 437, 441 (D.C. Cir. 1987). In order to succeed on a motion to reconsider, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision. See Kern Tulare Water Dist. v. City of Bakersfield, 634 F. Supp. 656, 665 (E.D. Cal. 1986), aff'd in part and rev'd in part on other grounds 828 F.2d 514 (9th Cir. 1987). Rule 59(e) of the Federal Rules of Civil Procedure provides that any motion to alter or amend a judgment shall be filed no later than 28 days after entry of the judgment. Furthermore, a motion under Fed. R. Civ. P. 59(e) should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law. Herbst v. Cook, 260 F.3d 1039, 1044 (9th Cir. 2001), quoting McDowell v. Calderon, 197 F.3d 1253, 1255 (9th Cir. 1999).

Here, Wirth has not presented anything that demonstrates that he did in fact exhaust some of his unexhausted federal claims. He argues the merits of his claims of pre-guilty-plea constitutional error. But such claims are foreclosed under U.S. Supreme Court law. Tollett v. Henderson, 411 U.S. 258, 267 (1973). He has not provided a basis for the Court to re-visit its rulings in the order granting in part the motion to dismiss. Accordingly, Wirth's motion for reconsideration is denied.

Wirth has also filed a motion for appointment of counsel (ECF No. 47). As the court explained previously, there is no constitutional right to appointed counsel for a federal habeas corpus proceeding. Pennsylvania v. Finley, 481 U.S. 551, 555 (1987); Bonin v. Vasquez, 999 F.2d 425, 428 (9th Cir.1993). The decision to appoint counsel is generally discretionary. Chaney v. Lewis, 801 F.2d 1191, 1196 (9th Cir.1986), cert. denied, 481 U.S. 1023 (1987); Bashor v. Risley, 730 F.2d 1228, 1234 (9th Cir.), cert. denied, 469 U.S. 838 (1984). However, counsel must be appointed if the complexities of the case are such

that denial of counsel would amount to a denial of due process, and where the petitioner is a person of such limited education as to be incapable of fairly presenting his claims. See Chaney, 801 F.2d at 1196; see also Hawkins v. Bennett, 423 F.2d 948 (8th Cir.1970). Wirth presents no new arguments that counsel is warranted here, and the Court remains of the view that the legal issues he raises pursuant to his guilty plea do not appear to be particularly complex, and he has demonstrated the ability to fairly present his claims. Thus, the pending motion for appointment of counsel is denied.

**IT IS THEREFORE ORDERED** that petitioner's motion for reconsideration (ECF No. 46) is **DENIED**.

**IT IS FURTHER ORDERED** that petitioner shall have **14 days** to either: (1) inform this court in a sworn declaration that he wishes to formally and forever abandon the unexhausted grounds for relief in his federal habeas petition and proceed on the exhausted grounds; OR (2) inform this court in a sworn declaration that he wishes to dismiss this petition without prejudice in order to return to state court to exhaust his unexhausted claims; OR (3) file a motion for a stay and abeyance, asking this court to hold his exhausted claims in abeyance while he returns to state court to exhaust his unexhausted claims. If petitioner chooses to file a motion for a stay and abeyance, or seek other appropriate relief, respondents may respond to such motion as provided in Local Rule 7-2. *See also* this court's order at ECF No. 44.

**IT IS FURTHER ORDERED** that if petitioner elects to abandon his unexhausted grounds, respondents shall have 30 days from the date petitioner serves his declaration of abandonment in which to file an answer to petitioner's remaining grounds for relief. The answer shall contain all substantive and procedural arguments as to all surviving grounds of the petition and shall comply with Rule 5 of the Rules Governing Proceedings in the United States District Courts under 28 U.S.C. §2254.

**IT IS FURTHER ORDERED** that petitioner shall have 30 days following service of respondents' answer in which to file a reply.

**IT IS FURTHER ORDERED** that if petitioner fails to respond to this order within the time permitted, this case may be dismissed.

**IT IS FURTHER ORDERED** that petitioner's motion for appointment of counsel (ECF No. 47) is **DENIED**.

DATED: 20 February 2020.

_____
RICHARD F. BOULWARE, II
UNITED STATES DISTRICT JUDGE