UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

CHARLES WIRTH,

Petitioner,

v.

ROBERT LEGRAND, et al.,

Respondents.

Case No. 2:17-cv-00027-RFB-VCF

ORDER

This court previously granted in part respondents' motion to dismiss Charles Wirth's pro se 28 U.S.C. § 2254 habeas corpus petition (ECF No. 44). The court dismissed several grounds and concluded that several grounds were unexhausted. The court denied Wirth's motion for reconsideration of that order (ECF Nos. 46, 49).

Wirth was then directed to either: (1) inform this court in a sworn declaration that he wishes to formally and forever abandon the unexhausted grounds for relief in his federal habeas petition and proceed on the exhausted grounds; OR (2) inform this court in a sworn declaration that he wishes to dismiss this petition without prejudice in order to return to state court to exhaust his unexhausted claims; OR (3) file a motion for a stay and abeyance, asking this court to hold his exhausted claims in abeyance while he returns to state court to exhaust his unexhausted claims.

In response, Wirth filed an untimely motion for stay and abeyance and a motion "for exemption to exhaustion" (ECF Nos. 51, 52).[1]

In *Rhines v. Weber*, 544 U.S. 269 (2005), the Supreme Court placed limitations upon the discretion of the court to facilitate habeas petitioners' return to state court to exhaust claims. The *Rhines* Court stated:

> [S]tay and abeyance should be available only in limited circumstances. Because granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court. Moreover, even if a petitioner had good cause for that failure, the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless. *Cf.* 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State").

*Rhines*, 544 U.S. at 277.

The Court went on to state that, "[I]t likely would be an abuse of discretion for a district court to deny a stay and to dismiss a mixed petition if the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." *Id*. at 278.

Thus, this court may stay a petition containing both exhausted and unexhausted claims if: (1) the habeas petitioner has good cause; (2) the unexhausted claims are potentially meritorious; and (3) petitioner has not engaged in dilatory litigation tactics. *Rhines*, 544 U.S. at 277; *Gonzalez v. Wong*, 667 F.3d 965, 977–80 (9th Cir. 2011). "[G]ood cause turns on whether the petitioner can set forth a reasonable excuse, supported by sufficient evidence, to justify [the failure to exhaust a claim in state court]." *Blake v. Baker*, 745 F.3d 977, 982 (9th Cir. 2014). "While a bald assertion cannot amount

---

[1] Respondents are correct that Wirth's motions are untimely. In an effort to keep this litigation moving forward, the Court ordered Wirth to respond within 14 days. Wirth correctly points out that the Court typically gives petitioner 30 days to file such a response and explains that he overlooked the shortened timeline (ECF Nos. 51, 52). To avoid further confusion, the Court in this order directs action by petitioner within 30 days.

to a showing of good cause, a reasonable excuse, supported by evidence to justify a petitioner's failure to exhaust, will." *Id.*  An indication that the standard is not particularly stringent can be found in *Pace v. DiGuglielmo*, 544 U.S. 408 (2005), where the Supreme Court stated that: "[a] petitioner's reasonable confusion about whether a state filing would be timely will ordinarily constitute 'good cause' to excuse his failure to exhaust." *Pace*, 544 U.S. at 416 (citing *Rhines*, 544 U .S. at 278).  *See also Jackson v. Roe*, 425 F.3d 654, 661-62 (9th Cir. 2005) (the application of an "extraordinary circumstances" standard does not comport with the "good cause" standard prescribed by *Rhines*).

Here, Wirth concedes that the unexhausted claims would be procedurally defaulted if he returns to state court to present them and that he cannot demonstrate cause. (ECF No. 51, ECF No. 52, p. 4).  He also makes no showing as to prejudice and acknowledges that he does not have an actual innocence claim.  A stay is not appropriate here.  Wirth's motions are denied.

**IT IS THEREFORE ORDERED** that petitioner's motion for stay and motion for exception to exhaustion (ECF Nos. 51 and 52) are both **DENIED**.

**IT IS FURTHER ORDERED** that within **30 days** of the date of this order, petitioner must either (1) inform this court in a sworn declaration that he wishes to formally and forever abandon the unexhausted grounds for relief in his federal habeas petition and proceed on the exhausted grounds; OR (2) inform this court in a sworn declaration that he wishes to dismiss this petition without prejudice in order to return to state court to exhaust his unexhausted claims.

**IT IS FURTHER ORDERED** that if petitioner elects to abandon his unexhausted grounds, respondents shall have **30 days** from the date petitioner serves his declaration of abandonment in which to file an answer to petitioner's remaining grounds for relief.  The answer shall contain all substantive and procedural arguments as to all surviving grounds of the petition and shall comply with Rule 5 of the Rules Governing Proceedings in the United States District Courts under 28 U.S.C. §2254.

1 **IT IS FURTHER ORDERED** that petitioner shall have **30 days** following service of respondents' answer in which to file a reply.

**IT IS FURTHER ORDERED** that if petitioner fails to respond to this order within the time permitted, this case may be dismissed.

DATED: 23 April 2020.

_____
**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**